IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Patrick Adair (#2015-0822128), | ) |
| Plaintiff, | ) Case No. 15 C 10529 |
| v. | ) |
| | ) Judge Marvin E. Aspen |
| Tom Dart, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate at the Cook County Jail ("CCJ"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Officer Gaber[1] failed to protect him from an assault by another inmate that occurred on October 3, 2015. This matter is before the Court for ruling on Defendant Officer Gaber's motion for summary judgment. For the reasons stated in this order, Defendant Officer Gaber's motion for summary judgment is granted.

**STANDARD OF REVIEW**

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hanover Ins. Co. v. Northern Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or

---

[1] The only other Defendant named in this action is Tom Dart. In its April 18, 2016 order, the Court permitted Plaintiff to remain in this action solely for the purpose of assisting Plaintiff in identifying unknown officers who allegedly participated in the events at issue in this lawsuit. (Dkt. 13, pg. 3-4) Plaintiff, however, did not subsequently seek to amend his complaint to include any additional officers (or add substantive claims against Dart for that matter).

determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial. *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936-937 (7th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-23). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

### LOCAL RULE 56.1 (N.D. ILL.)

Local Rule 56.1 sets out a procedure for presenting facts that are germane to a party's request for summary judgment pursuant to Fed. R. Civ. P. 56. Specifically, Local Rule 56.1(a)(3) requires the moving party to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law." *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). Each paragraph of the movant's statement of facts must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." LR 56.1(a). The opposing party must file a response to each numbered paragraph in the moving party's statement, "including, in the case of any disagreement, specific references to

the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." LR 56.1(b)(3)(C). The nonmoving party may also present a separate statement of additional facts "consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(C). "[I]f additional material facts are submitted by the opposing party . . ., the moving party may submit a concise reply in the form prescribed in that section for a response." LR 56.1(a).

Consistent with the Local Rules, Defendant filed a Local Rule 56.1(a)(3) Statement of Material Facts (Dkt. 41) with his summary judgment motion and "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" (Dkt. 43). The notice explained how to respond to Defendant's summary judgment motion and Rule 56.1 Statement and cautioned Plaintiff that the Court would deem Defendant's factual contentions admitted if he failed to follow the procedures delineated in Local Rule 56.1.

In response to Defendant's motion, Plaintiff filed a response (Dkt. 49) that does not include specific responses to Defendant's Statements of Facts. Rather, it consists entirely of one paragraph (labeled "Paragraph #1) that appears to set forth Plaintiff's entire argument against summary judgment. Plaintiff's response does not contain citation to any external supporting evidence.

Although courts construe *pro se* pleadings liberally, *see Thomas v. Williams*, 822 F.3d 378, 385 (7th Cir. 2016), a plaintiff's *pro se* status does not excuse him from complying with federal and local procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("even *pro se* litigants must follow procedural rules"). Because Plaintiff has failed to properly respond to Defendant's Rule 56.1 Statement of Undisputed Material Facts, the Court accepts Defendant's "uncontroverted version of the facts to the extent that it is supported by evidence in the record." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). Notwithstanding Plaintiff's admissions, the Court has interpreted his filings generously consistent with his *pro se* status and will construe his submissions, to the extent that he has pointed to evidence in the record or could properly testify himself about the matters asserted, in conjunction with the facts fairly proved by Defendants, in the light most favorable to him. *Sistrunk v. Khan*, 931 F. Supp. 2d 849, 854 (N.D. Ill. 2013); Fed. R. Evid. 602. With these principles in mind, the Court now turns to the relevant facts.

## FACTS

Plaintiff was a detainee at CCJ and was waiting in a holding room for the CCJ health clinic on October 3, 2015. (Def.'s Statement of Material Fact (Dkt. 41), ¶ 1.) Defendant Officer Gaber #16858 is a correctional officer at CCJ. (*Id.* at ¶ 2.) Plaintiff was attacked and injured by another detainee on October 3, 2015, and alleges in his amended complaint that Defendant Officer Gaber was deliberately indifferent to his safety. (*Id.* at ¶ 3; Pl.'s Compl. (Dkt. 14, pg. 4-5).)

On October 3, 2015, at approximately 10:35 p.m., Plaintiff was at CCJ health clinic, which is also referred to as Cermak. (*Id.* at ¶ 5.) Plaintiff testified that he was brought to Cermak to get medically cleared after having a physical altercation with another inmate in segregation. (*Id.* at ¶ 6.) During this time period, Plaintiff testified that had several fights in CCJ, some related to being in CCJ and some relating to "the outside world." (*Id.* at ¶ 7.) Plaintiff testified that both he and the inmate he was in the physical altercation with were brought to Cermak, and both were shackled due to their previous fight. (*Id.* at ¶ 8.) Plaintiff testified that prior to entering the waiting area for Cermak, Plaintiff told two male officers, one being Latino and one being Caucasian or Latino, that he did not want to go into the waiting area shackled. (*Id.* at ¶ 9.) Plaintiff testified that he was unaware of who was inside the waiting area, but never warned officers of anyone in particular before entering. (*Id.* at ¶ 10) Plaintiff testified that he has a "vibe," or feeling, prior to entering the waiting room and that his instinct was that he was unprotected. (*Id.* at ¶ 11.) Plaintiff testified that he asked to speak to a supervisor, that three of four other officers came and told him to go into the waiting room, and that he complied. (*Id.* at ¶ 12.) Plaintiff testified that he and the inmate he had fought with the prior evening eventually entered the waiting area of Cermak where they were kept apart on separate sides of the waiting room. The two never made physical contact with each other in the waiting area (*Id.* at ¶ 13.) Plaintiff was placed on a bench against a wall with no one close to him after he entered the waiting area at Cermak. (*Id.* at ¶ 14.) Plaintiff testified that there were four or five inmates in one group within the room, and a couple of other inmates separated throughout the waiting area. (*Id.* at ¶ 15.) Plaintiff testified that he told officers that he was being verbally assaulted by a group of individuals and asked to be moved or to speak to a supervisor. (*Id.* at ¶ 16.) Plaintiff

5

testified that he first told this to one officer, and two more officers then walked over. (*Id.* at ¶ 17.) Plaintiff testified that he said that did not feel safe and felt unprotected if things were to escalate. (*Id.* at ¶ 18.) Plaintiff testified that he does not specifically remember which officer he asked to be moved, but describes the officers as one black male and two either Latino or white males. (*Id.* at ¶ 19.) Plaintiff testified that he does not remember exactly what the officer responded with, but Plaintiff was not moved and did not talk to a supervisor. (*Id.* at ¶ 20.)

Plaintiff testified that an inmate in a wheelchair later approached the Plaintiff and got out of his wheelchair. (*Id.* at ¶ 21.) Plaintiff testified that the inmate from the wheelchair then punched and kicked him multiple times, causing a scar. (*Id.* at ¶ 22.) Plaintiff testified that he did not know the man in the wheelchair who attacked him, and never had any prior verbal or physical altercations with him. (*Id.* at ¶ 23.) Plaintiff testified that he had no reason to suspect the man in the wheelchair would attack him prior to being attacked. (*Id.* at ¶ 24.) Plaintiff testified that he said nothing to the officers regarding the man in the wheelchair prior to the attack. (*Id.* at ¶ 25.) Plaintiff testified that he was treated for his injuries immediately after the incident for both the initial altercation and the altercation in the waiting area. (*Id.* at ¶ 26.)

Plaintiff testified that he found Officer Gaber's name in an incident report about the altercation. (*Id.* at ¶ 27.) Plaintiff testified that he does not know if he told Officer Gaber that he wanted to be moved. (*Id.* at ¶ 28.) Plaintiff testified that he does not know who Officer Gaber is, or what his involvement was on October 3, 2015. (*Id.* at ¶ 29.)

## ANALYSIS

Defendant Officer Gaber moves for summary judgment on the basis that Plaintiff has failed to "present sufficient evidence that would reasonably permit this . . . Court to find in his

favor on the material question of whether Defendant Officer Gaber failed to protect him from being injured by another detainee on October 3, 2015." (Dkt. 42, pg. 4)

Jail officials have a duty to protect detainees from violence by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1988); *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To succeed on a claim based on a defendant's failure to protect another inmate, a plaintiff must demonstrate that the defendant was deliberately indifferent to the fact that the plaintiff was in serious risk of being harmed. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011); *Grieveson*, 538 F.3d at 775; *Pinkston*, 440 F.3d at 889. Conduct by the defendant that is simply negligent or inadvertent is not actionable under Section 1983. Instead, the defendant must know of a substantial risk of serious harm and he must fail to take reasonable measures to prevent that harm from occurring. *See Pinkston*, 440 F.3d at 889; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). Actual knowledge of impending harm may be inferred from circumstantial evidence. *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005).

Here, there is nothing in the record that suggests that Officer Gaber knew that the assailant – an inmate in a wheelchair that Plaintiff had no prior dealings with – was a danger to Plaintiff or that he intended to attack Plaintiff prior to the incident on October 3, 2015. Plaintiff testified at his deposition that he does not know who Officer Gaber is, that he does not know if he told Officer Gaber that he wanted to be moved prior to the attack, and only knew Officer Gaber's name by looking at an incident report about the altercation. (Dkt. 41 at ¶ 27-29). Moreover, the evidence before this Court suggests that Plaintiff himself was unaware of the risk to his safety prior to the wheelchair incident, as he testified that did not know the man in the

wheelchair that attacked him, that he had never had any prior verbal or physical altercations with him, and that he had no reason to suspect he would attack him prior to the incident. (*Id.* at ¶¶ 23, 24.) *See Fisher*, 414 F.3d at 664 (if prisoner himself was surprised by assault by another prisoner, "it is safe to say that [defendant officer] was also surprised" and was therefore entitled to summary judgment).

In his response, Plaintiff does not explicitly assert that Defendant Officer Gaber had knowledge of any risk that harm may come to him at the hands of the inmate in the wheelchair. Rather, he takes the somewhat confusing position that Officer Gaber "may or may not [have] been one of the officers notified or r[esponsible] for the attack[.]" (Dkt. 49, pg. 1) Plaintiff goes on to ask the Court to permit Officer Gaber to remain in this case until he is able to identify the "unknown individuals who participated in [his] claim." (*Id.*) Although it is not entirely clear, Plaintiff may be suggesting that, if given additional time, he may be able to (or could) obtain evidence to support his failure to protect claim against Officer Gaber. But this case is at the summary judgment stage, and, at such stage, a plaintiff is expected to present the evidence he intends to use at trial to prove his claim. *See Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) ("We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence []he contends will prove h[is] case. And by evidence, we mean evidence on which a reasonable jury could rely."); *see also Williams v. Patel*, No. 11 C 9193, 2013 WL 6019543 at *5 (N.D. Ill. Nov. 13, 2013). Moreover, the Court notes that it permitted Tom Dart to remain as a Defendant in this action so that he could assist in identifying the unknown officers who were allegedly involved in the October 3, 2015 incident. (Dkt. 13). Plaintiff never sought

8

to amend his complaint to add (or substitute) Defendants, nor did he otherwise indicate to the Court at any point that he needed additional time to conduct discovery (in order to amend his complaint or in connection with Defendant's summary judgment motion). The Court sees no reason to permit Plaintiff to do either of these things now given the late stage of these proceedings.

Accordingly, Defendant's motion for summary judgment is granted. Even viewing the summary judgment record in the light most favorable to Plaintiff, the Court concludes that no reasonable person could find that Defendant Officer Gaber acted with deliberate indifference to a serious risk of harm to Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. 40) is granted. Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. See Fed. R. App. P. 24(a)(1).

9

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. See Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. See Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi).

Dated: July 14, 2017

_____
Honorable Marvin E. Aspen
United States District Court Judge